UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACY PENNING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | CASE NO. C25-0570JLR <br><br> ORDER |

Before the court is Defendant Microsoft Corporation's ("Microsoft") motion to dismiss this matter for lack of standing and for failure to state a claim. (MTD (Dkt. # 14).) Throughout its brief, Microsoft cites this court's dismissal order in *Popa v. PSP Group, LLC* in support of its argument that Plaintiffs lack Article III standing to bring this case. (*See, e.g., id.* at 2 (quoting *Popa v. PSP Grp. LLC*, No. C23-0294, 2023 WL 7001456, at *4 (W.D. Wash. Oct. 24, 2023)); *see also id.* at 4, 8, 9, 10 (citing or quoting *Popa*).) The court's dismissal order in *Popa*, however, is currently on appeal to the Ninth

ORDER - 1

Circuit Court of Appeals, which heard oral argument on the matter on January 16, 2025. *See Popa v. PSP Grp. LLC*, No. 24-14 (9th Cir. Jan. 16, 2025), Dkt. # 64.

Because the Ninth Circuit's decision in *Popa* is likely to provide guidance on how to analyze the standing issues in this case, it is the view of the court that a stay of this action pending the resolution of the *Popa* appeal will further the interests of judicial economy and minimize the risk of inconsistent rulings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Therefore, the court ORDERS the parties to show cause why the court should not stay this matter pending the issuance of the mandate in the *Popa* appeal. The parties' responses shall be no more than 1,200 words in length and shall be filed by no later than **July 1, 2025**. Failure to respond to this order will be construed as consent to a stay.

Dated this 24th day of June, 2025.

JAMES L. ROBART
United States District Judge